UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RICHARD LEIRER, ) | CASE NO. 1:06 CV 71 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| OHIO BUREAU ) | AND ORDER |
| OF MOTOR VEHICLES, et al., ) | |
| ) | |
| Defendants. ) | |

On January 11, 2006, pro se plaintiff Richard Leirer filed this action against the Ohio Bureau of Motor Vehicles ("BMV") and BMV Supervisor Adele Rapelye. In the complaint, Mr. Leirer alleges that the defendants violated his privacy by contacting his insurance company to confirm his insurance coverage, and retaliated against him by suspending his driver's license. He seeks $ 100,000.00 in compensatory damages, reinstatement of his driver's license, and an injunction preventing the BMV from suspending his license in the future or confirming his insurance information with an outside source. Mr. Leirer has also filed an Application to Proceed In Forma Pauperis. That Application is granted.

*Background*

The BMV notified Mr. Leirer by mail on August 27, 2004 that he was required to

provide proof of insurance for his 1993 Chevrolet vehicle.[1] They received no response within the requested time frame and a notice of suspension was mailed to him on October 1, 2004, indicating the suspension would take effect in 60 days unless proof of insurance was received by that date. The BMV received insurance information from Mr. Leirer on October 27, 2004; however, the information pertained to a different vehicle. A letter was sent to Mr. Leirer advising him of the problem with his documentation. When the discrepancy was not corrected, a second notice of suspension was issued. The suspension took effect on November 30, 2004. Additional insurance information was received by the BMV in December 2004.[2] This information apparently did not satisfy the BMV's inquiry because it did not clearly show that the 1993 Chevrolet had liability coverage for the period of time in question. Once again, a notice of suspension was issued. The pleading does not indicate whether this suspension went into effect.

Mr. Leirer filed a lawsuit in this court on May 19, 2005 against the State of Ohio, Governor Robert Taft, the Director of the Ohio Department of Public Safety, and the Registrar of the Ohio Bureau of Motor Vehicles. See Leirer v. State of Ohio. No. 1:05 CV 1404 (N.D. Ohio May 19, 2005). He claimed that he had been denied due process and that his license suspensions were prompted by his anti-war protest activities. The State of Ohio, Governor Robert Taft and the Registrar of the Ohio Bureau of Motor Vehicles were dismissed on August 18, 2005. The

---

[1] Although this case represents Mr. Leirer's third attempt to bring an action against the BMV, it is difficult to determine the precise nature of the dispute. Mr. Leirer alleges very few facts in his pleading which is comprised largely of legal conclusions. Much of the factual information is gleaned from the exhibits Mr. Leirer attached to his pleading.

[2] The letter from the BMV attached to the complaint states that the insurance information was received in December 2005. The court assumes the last digit of this date is a typographical error. The letter itself is dated September 20, 2005.

remaining defendant was granted summary judgment on December 5, 2005.

On June 22, 2005, one month after filing the lawsuit, Mr. Leirer submitted documentation from American Family Insurance to the BMV in order to lift or avoid the suspension. At that point, it appears that an employee in the telecommunications department of the BMV terminated the case. A supervisor conducting case reviews subsequently discovered that the insurance information submitted by Mr. Leirer pertained to a 1989 Toyota and not the 1993 Chevrolet, for which proof of insurance was required. On September 14, 2005, the BMV telephoned American Family Insurance to inquire whether Mr. Leirer's 1993 Chevrolet was covered by that policy. American Family Insurance stated that the vehicle in question was not listed on that policy. Mr. Leirer was notified of this discovery on September 20, 2005 and told that if he did not submit proof of insurance for the proper vehicle by October 7, 2005, his license would once again be suspended.

Mr. Leirer filed a second lawsuit in this court on October 4, 2005. That suit, which named as defendants the Director of the Ohio Department of Public Safety, the Registrar of the Ohio Bureau of Motor Vehicles, and BMV Compliance Unit Supervisor Adele Rapelye, alleged that the BMV was suspending his license in retaliation for filing a discovery request in the first lawsuit. See Leirer v. Morkel, Case No. 1:05 CV 2345 (N.D. Ohio filed October 4, 2005). He also claimed that the BMV and Adele Rapelye violated his constitutional rights by telephoning his private insurance company to gain information about his policy coverage. The defendants filed a Motion for Judgment on the Pleadings which was granted on December 2, 2005.

Mr. Leirer responded by filing the within complaint against the BMV and Ms. Rapelye on January 11, 2006. In this complaint, Mr. Leirer reasserts his claims of retaliation and

violation of his right to privacy, and adds a claim for the denial of due process based on this same set of facts.

### *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

It is apparent that Mr. Leirer is simply attempting to litigate these claims for a second time in the hope of obtaining a different result. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.

---

[3] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Mr. Leirer is therefore precluded from litigating this matter for a second time.

### *Conclusion*

Accordingly, Mr. Leirer's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 3/29/06

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.